IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01485-PAB

QUICKEN LOANS INC.,

    Plaintiff,

v.

NEWLAND COURT CONDOMINIUM ASSOCIATION,
MOELLER GRAF, P.C.,
JANET S. COMMODORE, and
ERIN A. SNOW f/k/a ERIN A. HALPIN,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1]. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

The facts presently alleged are insufficient to establish that the Court has subject matter jurisdiction pursuant to § 1332. First, plaintiff has not established the citizenship of defendants Janet Commodore and Erin Snow. While plaintiff alleges that Ms. Commodore and Ms. Snow reside in Colorado, Docket No. 1 at 2, ¶¶ 4-5, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is

2

not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Moreover, plaintiff asserts its residency allegations "upon information and belief." Docket No. 1 at 2, ¶¶ 4-5. Such unsupported allegations, which evince plaintiff's lack of affirmative knowledge regarding defendants' citizenship, do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (finding allegations based on "information and belief" insufficient to confer subject matter jurisdiction).

Plaintiff also has not demonstrated that its claims against Ms. Snow satisfy the amount in controversy requirement under § 1332. In cases in which a plaintiff alleges independent and several liability against multiple defendants, the plaintiff must satisfy the amount in controversy requirement as to each individual defendant. *See Shirk v. Gonzales*, 2018 WL 2411601, at *3 (D.N.M. May 29, 2018); *Ass'n Ins. Co. v. McSwain Metal Fabrication, Inc.*, No. 17-cv-01550-MSK-MJW, 2017 WL 6048459, at *3 (D. Colo. Dec. 7, 2017) (citing *Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001); *Bydlak v. Johnson*, 2012 WL 13028560, at *2 (E.D. Va. Apr. 24, 2012). Even if the damages claimed against one defendant exceed $75,000, a court may not exercise supplemental jurisdiction over the claims against the remaining defendants if the amount in controversy requirement has not been met as to those claims. *See Bydlak*, 2012 WL 13028560, at *2 n.2 ("Even if claims against an

individual defendant could satisfy the amount-in-controversy requirement, supplemental jurisdiction would not allow the Court to reach the claims against the remaining defendants." (citing Moore's Federal Practice § 106.45[3])); *State Farm Mutual Auto. Ins. Co. v. Greater Chiropractic Ctr. Corp.*, 393 F. Supp. 2d 1317, 1324 (M.D. Fla. 2005) (holding that the court could not exercise supplemental jurisdiction over claims asserted against two defendants that did not satisfy the amount in controversy requirement); *see also* 28 U.S.C. § 1367(b) (stating that, "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure"); *Green v. Doukas*, 2001 WL 767069, at *3-4 (S.D.N.Y. June 22, 2001) (holding that court could not exercise supplemental jurisdiction over claims against defendants that did not independently satisfy the amount in controversy requirement and rejecting the argument that, "because the[] defendants were named in the original complaint, they were not 'made parties' . . . under a literal reading of § 1367(b)").

Here, plaintiff asserts two claims against Ms. Snow: a conversion claim seeking to hold her jointly and severally liable for her and Ms. Commodore's proceeds from the sheriff's sale, and a claim for breach of contract. *See* Docket No. 1 at 12-15, ¶¶ 63-69, 75-81. The allegations do not establish that these claims, either individually or in combination with each other, exceed the $75,000 jurisdictional threshold. Plaintiff's conversion claim seeks only the proceeds that Ms. Snow and Ms. Commodore received from the sheriff's sale, which totaled $49,985.86. *See id.* at 7, 12-13, ¶¶ 38, 66, 69.

4

And the breach of contract claim merely alleges that Ms. Snow has failed to satisfy her obligations under the Deed of Trust and is liable for plaintiff's attorney's fees in attempting to collect the outstanding balance on the mortgage loan. *See* Docket No. 1 at 14-15, ¶¶ 78-79, 81. Critically, plaintiff does not assert that its attorney's fees alone are sufficient to satisfy the amount in controversy requirement. Nor does it appear that plaintiff can hold Ms. Snow liable for contract damages equal to the outstanding balance on the mortgage loan. *See* Docket No. 1-2 at 10, ¶ 13 (stating that a borrower who co-signs the Deed of Trust but does not execute the promissory note "is not personally obligated to pay the sums secured" by the Deed of Trust). Plaintiff has therefore failed to demonstrate that its conversion and breach of contract claims against Ms. Snow seek damages exceeding $75,000.

Because plaintiff's allegations are presently insufficient to allow the Court to determine whether it has subject matter jurisdiction under 28 U.S.C. § 1332, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

**ORDERED** that, on or before **5:00 p.m. on Friday, June 21, 2019**, plaintiff shall show cause why this case or, separately, the claims against defendant Snow, should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 12, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge