IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01485-PAB

QUICKEN LOANS INC.,

     Plaintiff,

v.

NEWLAND COURT CONDOMINIUM ASSOCIATION,
MOELLER GRAF, P.C.,
JANET S. COMMODORE, and
ERIN A. SNOW f/k/a ERIN A. HALPIN,

     Defendants.

---

**ORDER OF DISMISSAL**

---

     This matter comes before the Court on Plaintiff's Response to Order to Show

Cause [Docket No. 9].  Plaintiff asserts that this Court has jurisdiction pursuant to 28

U.S.C. § 1332.  Docket No. 1 at 2, ¶ 6; Docket No. 9 at 2.

     Plaintiff filed this lawsuit on May 23, 2019 asserting claims for wrongful

foreclosure, negligent misrepresentation, intentional interference with contract, civil

theft, conversion, unjust enrichment, and breach of contract based on the foreclosure of

real property in which plaintiff held an interest.  See Docket No. 1 at 7-14.  Plaintiff

alleged that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because the parties are completely diverse and plaintiff is seeking to recover the value

of its mortgage loan, which exceeds the jurisdictional amount of $75,000.  *Id.* at 2, ¶ 6.

On June 12, 2019, the Court ordered plaintiff to show cause why this case should not

be dismissed due to the Court's lack of subject matter jurisdiction.  Docket No. 8 at 5.

The Court found that the facts alleged in the complaint were insufficient to establish the citizenship of defendants Janet Commodore and Erin Snow. *Id.* at 2. In addition, the Court determined that plaintiff had failed to establish an amount in controversy exceeding $75,000 with respect to its claims against defendant Snow. *Id.* at 3. As the Court explained in its order, the conversion claim sought only $49,985.86 and the breach of contract claim merely alleged that defendant Snow had "failed to satisfy her obligations under the Deed of Trust and [was] liable for plaintiff's attorney's fees in attempting to collect the outstanding balance on the mortgage loan." *Id.* at 5. Critically, plaintiff did not assert that its attorney's fees alone were sufficient to satisfy the amount in controversy requirement. *Id.* And it did not appear to the Court that plaintiff could hold defendant Snow liable for contract damages equal to the outstanding balance on the mortgage loan under the terms of the Deed of Trust. *Id.* (citing Docket No. 1-2 at 10, ¶ 13).

Plaintiff filed its response to the Court's order to show cause on June 20, 2019. Docket No. 9. In that response, plaintiff provides additional information showing that defendants Commodore and Snow are domiciled in Colorado. *See* Docket No. 9 at 3-6. In addition, plaintiff argues that the amount-in-controversy requirement has been met as to defendant Snow because (1) plaintiff may seek general contract damages against defendant Snow equaling "the amount secured by the Deed of Trust," which exceeds $75,000; and (2) the Court may consider, as part of the amount-in-controversy requirement, "a reasonable estimate of the attorney fees [plaintiff] has and will incur in

prosecuting" its breach of contract claim. Docket No. 9 at 8-9.[1] At no point, however, does plaintiff address the effect of section 13 of the Deed of Trust, which provides that

> any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; [and] (b) is not personally obligated to pay the sums secured by this Security Instrument . . . .

Docket No. 1-2 at 10, ¶ 13. There is no dispute that defendant Snow signed the Deed of Trust, but did not execute the promissory note. *See* Docket No. 9 at 8. Accordingly, section 13 appears to foreclose plaintiff's argument that it can hold defendant Snow liable for general contract damages equal to either the outstanding balance on the mortgage loan or the "value of a foreclosure that [plaintiff] could have instituted." Docket No. 9 at 8; *see also Flagstar Bank, FSB v. A.M. Hochstadt*, 405 F. App'x 374, 377 (11th Cir. 2010) (unpublished) (holding that similar language in a Deed of Trust relieved the co-signer of liability for both the mortgage loan and any items secured by the mortgage, including "escrow items, taxes, insurance, costs in defending interests in the property, and fees relating to a default").

While plaintiff correctly notes that attorney's fees may be considered as part of the minimum amount in controversy when they are provided for "by statute or contract," *Stuart v. Cocorilla, Ltd.*, No. 18-cv-00926-KLM, 2019 WL 529517, at *4 (D. Colo. Feb.

---

[1] Plaintiff does not argue that its conversion claim against defendant Snow independently satisfies the amount-in-controversy requirement. Instead, plaintiff asserts that the Court may exercise supplemental jurisdiction over that claim because the value of the breach of contract claim exceeds $75,000. *See* Docket No. 9 at 9-10. Because plaintiff's allegations regarding the breach of contract claim are insufficient to establish that the amount-in-controversy requirement has been met, plaintiff's argument regarding the Court's ability to exercise supplemental jurisdiction over the conversion claim necessarily fails.

11, 2019); *see* Docket No. 9 at 7, plaintiff does not identify any statute entitling plaintiff to attorney's fees and the two Deed of Trust provisions that address the issue, sections 9 and 14, appear to fall within the scope of section 13's limitation on liability.[2]

Section 9 of the Deed of Trust states that, if "[b]orrower fails to perform the covenants and agreements contained in this Security Interest" or "there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument," then

> Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . . includ[ing] . . . (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument. . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Docket No. 1-2 at 8, ¶ 9.  Likewise, section 14 provides that

> Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees . . . .

*Id.* at 10, ¶ 14.  The Deed of Trust "secures to Lender" not only the mortgage loan, but also "the performance of Borrower's covenants and agreements under this Security Instrument and the Note," which includes the payment of attorney's fees under sections 9 and 14.  *Id.* at 3.  Accordingly, the attorney's fees provided for in those sections are added to the outstanding loan balance to become "sums secured by" the Deed of Trust, for which defendant Snow cannot be held liable under section 13.  *Id.* at 10, ¶ 13; *see also Flagstar Bank, FSB*, 405 F. App'x at 376-77 (holding that the "sums secured by"

---

[2]Plaintiff does not cite either of these provisions in its response.

the mortgages included both the mortgage loan and the performance of covenants requiring payment of "escrow items, taxes, insurance, costs in defending interests in the property, and fees relating to a default").  This conclusion is supported by the last sentence of the quoted portion of section 9, which states that any amounts "disbursed" under the section "shall become additional debt . . . secured by this Security Instrument."  Docket No. 1-2 at 8, ¶ 9.

Even assuming defendant Snow can be held liable for attorney's fees under the Deed of Trust, "a party seeking diversity jurisdiction may not aggregate the attorneys' fees from multiple claims to meet the amount in controversy requirement."  *Stuart*, 2019 WL 529517, at *4 (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1293 (10th Cir. 2001)).  Plaintiff estimates that it has already incurred $61,724.03 in attorney's fees and costs, but makes no attempt to apportion that amount among the various claims asserted in this case.  *See* Docket No. 9 at 9.[3]  The Court is therefore unable to determine whether the attorney's fees attributable to the claims against defendant Snow would satisfy the jurisdictional amount in controversy.

The Court is mindful that plaintiff is not required to prove its case at this stage of the proceedings.  *See TBM Land Conservancy, Inc. v. Nextel West Corp.*, No. 15-cv-00134-PAB-KLM, 2016 WL 10674152, at *2 (D. Colo. Aug. 8, 2016) ("Once the [jurisdictional facts] have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits)

---

[3]Additionally, costs may not be considered as part of the amount in controversy. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . . ." (emphasis added)).

will exceed the threshold, does not justify dismissal." (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)).  Nevertheless, given the absence of allegations regarding the amount of contract damages plaintiff is seeking against defendant Snow, *see* Docket No. 1 at 14-15; *see also* Docket No. 8 at 5, and plaintiff's failure to respond to that portion of the Court's show cause order noting the apparent effect of section 13 of the Deed of Trust on defendant Snow's liability for contract damages, *see* Docket No. 8 at 5, the Court finds that plaintiff has failed to carry its burden of establishing subject matter jurisdiction as a threshold matter.  *See McPhail*, 529 F.3d at 955 ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." (internal quotation marks omitted)); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (stating that, when subject matter jurisdiction is challenged on the basis of the amount in controversy, the plaintiff bears the burden of showing that "it is not legally certain that the claim is less than the jurisdictional amount").  Wherefore, it is

ORDERED that plaintiff's claims against defendant Snow are **DISMISSED** without prejudice due to the Court's lack of subject matter jurisdiction.  It is further

ORDERED that the Court's order to show cause [Docket No. 8] is hereby discharged as to plaintiff's claims against the remaining defendants.

DATED June 26, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge