IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01485-PAB-STV

QUICKEN LOANS INC.,

    Plaintiff,

v.

NEWLAND COURT CONDOMINIUM ASSOCIATION,
MOELLER GRAF, P.C., and
JANET S. COMMODORE,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Rule 12(b)(1) and (6) Motion to Dismiss Claims Against Newland Court Condominium Association [Docket No. 36] filed by defendant Newland Court Condominium Association ("Newland Court") on August 27, 2019. On September 27, 2019, plaintiff Quicken Loans Inc. filed a response. Docket No. 43. Newland Court replied on October 10, 2019. Docket No. 44.

## I. BACKGROUND[1]

On October 30, 2009, defendant Janet Commodore executed a promissory note made payable to WR Starkey Mortgage, L.L.P ("WR Starkey"). Docket No. 1 at 2, ¶ 9. The promissory note was secured by a deed of trust, which was executed by Ms.

---

[1] These facts are taken from Quicken Loans' complaint [Docket No. 1] and are assumed true for purposes of this order. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Commodore and Erin Snow.[2] *Id.*, ¶ 10. This deed of trust related to a condominium unit located in Boulder, Colorado (the "Property"). *Id.* at 3, ¶ 11. The deed of trust named the Public Trustee of Boulder County as the trustee, WR Starkey as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. *Id.* at 2, ¶ 10. The deed of trust was recorded with the Clerk and Recorder of Boulder County on November 2, 2009. *Id.* at 2-3, ¶ 10.

The promissory note and deed of trust contain a due-on-sale clause providing that, "[i]f all or any part of the Property or an Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument." *Id.*, ¶ 12. In addition, the deed of trust provides that, if any lawsuit is instituted that "could result in forfeiture" of the Property, Ms. Commodore and Ms. Snow would be considered in default of the deed's terms and the full amount due under the promissory note would become immediately due and payable. *Id.*, ¶ 13. On August 1, 2013, Ms. Commodore and Ms. Snow were notified that servicing of the loan was being transferred to plaintiff Quicken Loans. Docket No. 1-3 at 3. However, not until December 18, 2017 did WR Starkey assign its rights in the mortgage to Quicken Loans. *Id.* at 5-6.

On September 16, 2016, because Ms. Snow and Ms. Commodore had not paid dues and other assessments, defendant Newland Court, a condominium association organized as a non-profit corporation, initiated a foreclosure action in the District Court

---

[2] Ms. Snow was dismissed as a defendant from this lawsuit on June 26, 2019. Docket No. 10 at 6.

of Boulder County against Ms. Commodore, Ms. Snow, MERS, WR Starkey, the Public Trustee of Boulder County, and the Treasurer of Boulder County to collect on "substantial dues and other assessments that were due and owing" to Newland Court. Docket No. 1 at 1, ¶ 2; *id.* at 3-4, ¶¶ 15-16. In this state-court case, Newland Court was represented by defendant Moeller Graf, P.C.. *Id.* at 3, ¶ 15. Under Colo. Rev. Stat. § 38-33.3-316, Newland Court had a priority "superlien" in "[a]n amount equal to the common expense assessments . . . which would have become due, in the absence of any acceleration, during the six months immediately preceding institution . . . of an action . . . to enforce . . . the lien." Colo. Rev. Stat. § 38-33.3-316(2)(b)(I); Docket No. 1 at 4, ¶ 17.[3] In its state-court complaint, Newland Court alleged that it held a super-priority lien in the amount of $1,758.00 and was otherwise "entitled to a second priority lien." Docket No. 1 at 4, ¶ 18. On October 28, 2016, Quicken Loans paid Newland Court $1,758.00 for purposes of satisfying Newland Court's superlien on the Property. *Id.* at 5, ¶ 20.

Quicken Loans did not intervene or enter an appearance in the foreclosure action, despite being aware of its existence. *Id.* at 4, ¶ 19; *see also* Docket No. 36-1 at 3, ¶ 5.[4] Newland Court moved for default judgment in the foreclosure action on December 5, 2016, *id.* at 5, ¶ 22, and the state court entered a default judgment and

---

[3] While Quicken Loans cites to Colo. Rev. Stat. § 38-33.3-316(2)(b)(II) in its complaint, Docket No. 1 at 4, ¶ 17, the Court assumes that Quicken Loans intended to cite Colo. Rev. Stat. § 38-33.3-316(2)(b)(I).

[4] The Court may take judicial notice of documents filed in the state-court proceedings. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

3

decree of foreclosure on December 6, 2016. *Id*., ¶ 24. A sheriff's sale of the Property was scheduled for May 25, 2017. *Id*., ¶ 25. On or about March 24, 2017, an attorney for Moeller Graf informed Quicken Loans of the scheduled sale and told Quicken Loans "that it could simply pay the 'superlien' amount." *Id.* at 6, ¶ 31. On May 18, 2017, Quicken Loans paid Newland Court $1,758.00 for a second time. *Id.* at 5, ¶ 26. Newland Court reflected both the October payment and the May payment in its ledger, recording the October payment as a "lockbox payment" and the May payment as "Superlien Payment/Quicken Loans." *Id.* at 5-6, ¶¶ 28-29.

The sheriff's sale of the Property proceeded as planned, and the Property was sold for $95,000 to Vista Property Group, LLC. *Id.* at 6, ¶ 33.[5] On June 12, 2017, the court released $42,328.99 of the proceeds to Newland Court, upon its request, in satisfaction of its lien. *Id.*, ¶ 35.[6] The court distributed $2,685.15 to non-party Oakwood Holdings LLC, and the remaining $49,985.86 to Ms. Commodore and Ms. Snow. *Id.* at 7, ¶¶ 37-38. Quicken Loans did not receive any proceeds of the sheriff's sale. *Id.* at 6, ¶ 34. Quicken Loans represents that Newland Court has refused to pay Quicken Loans the amounts of the October payment, the May payment, or the amount that Newland Court received from the sheriff's sale, despite Quicken Loans' demands for it to do so. *Id.* at 7, ¶ 39.

---

[5] Quicken Loans claims that the fair market value was approximately $374,000. Docket No. 1 at 6, ¶ 33.

[6] Quicken Loans claims that the "Bid Computation" submitted by Moeller Graf on behalf of Newland Court had deducted from its owed costs $3,318.00, "which . . . consisted of some or all of the $3,516.00 that Quicken Loans paid directly to Newland [through] its two . . . payments of $1,758.00 each." Docket No. 1 at 6-7, ¶ 36.

On May 23, 2019, Quicken Loans filed this lawsuit against Newland Court, Moeller Graf, Ms. Commodore, and Ms. Snow. *See generally id.* It raises the following claims against Newland Court: (1) wrongful foreclosure, (2) negligent misrepresentation, (3) intentional interference with a contract, (4) civil theft, (5) conversion, and (6) unjust enrichment. *Id.* at 7-13. On August 27, 2019, Newland Court filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 36.

## II. LEGAL STANDARD

Newland Court moves to dismiss Quicken Loans' lawsuit under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing the factual basis on which subject matter jurisdiction rests, the district court does not presume the truthfulness of the complaint and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Consideration of evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Id.* The proponent of federal jurisdiction bears the burden of establishing that jurisdiction. *Kunk v. Salazar*, No. 07-cv-01617-PAB-MJW, 2009 WL 3052292, at *2 (D. Colo. Sep. 22, 2009).

In contrast to motions to dismiss brought under Fed. R. Civ. P. 12(b)(1), a motion under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief ... plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly,* 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted).

## III. ANALYSIS

Newland Court argues that Quicken Loans' claims against it should be dismissed because (1) the Court does not have jurisdiction to consider the claims under the *Rooker-Feldman* doctrine; and (2) issue preclusion prevents the Court from considering Quicken Loans' claims. Docket No. 36 at 3. In the alternative, Newland Court argues that "there is no wrongful foreclosure claim accepted in Colorado and that claim should be dismissed" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.*

### A. *Rooker-Feldman*

Newland Court argues that Quicken Loans' claims are barred by the *Rooker-Feldman* doctrine. Docket No. 36 at 5; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine prevents "state-court losers" from seeking a review and rejection of a state-court judgment "rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1261 (10th Cir. 2012). "*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (citations omitted). *Rooker-Feldman* applies only if the state court has made a final determination of the rights of the parties before the federal action is initiated. *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007).

Applying the *Rooker-Feldman* doctrine requires considering "whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." *Mo's Express*, 441 F.3d at 1237 (emphasis and citation omitted). The "operative question is whether the injury alleged by the Plaintiffs resulted from the state-court judgment itself." *Preston v. Citimortgage, Inc.*, 2015 WL 258447, at *2 (W.D. Okla. Jan. 20, 2015). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). If the "relief sought in the federal action would . . . undo the relief granted by the state court," then the federal lawsuit is barred by *Rooker-Feldman*. *Mo's Express*, 441 F.3d at 1237; *see also Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018) ("What is prohibited under *Rooker-Feldman* is a federal action that tries to modify or set aside a state-court judgment because the state proceedings should not have led to that judgment.").

Quicken Loans brings six claims against Newland Court, all of which Newland Court argues are barred by *Rooker-Feldman*.[7] The Court will discuss the doctrine as it

---

[7] Quicken Loans was not a named party in the state court action. *See* Docket No. 1-4 at 1 (Complaint in District Court of Boulder County Case No. 2016CV30987). Typically, the *Rooker-Feldman* doctrine "has no application to a federal suit brought by a nonparty to the state suit." *Exxon Mobil*, 544 U.S. at 287. However, the Tenth Circuit has indicated that *Rooker-Feldman* applies to successors in interest to parties in the state court lawsuit. *Mo's Express*, 441 F.3d at 1236 (determining that *Rooker-Feldman* did not apply where plaintiffs "were not parties, they were not bound by the judgment, and they were neither predecessors *nor successors in interest to the parties*" (emphasis added)); *see also Sooner Geriatrics, L.L.C. v. Crutcher*, 2007 WL 2900535, at *2 (W.D. Okla. Oct. 3, 2007) ("[T]he *Rooker-Feldman* doctrine does not apply to a plaintiff who . . . was neither a predecessor nor successor in interest to a party to the state court judgment."). Because Quicken Loans is a successor in interest to named party WR Starkey, *see* Docket No. 1 at 2, ¶ 9; at 3, ¶ 14, the *Rooker-Feldman* doctrine

relates to each claim.

### 1. *Wrongful Foreclosure*

Quicken Loans brings a claim of "wrongful foreclosure" against Newland Court, alleging that "Newland . . . wrongfully foreclosed the Subject Property in that[,] because Quicken Loans had twice paid the 'superlien' amount, Newland did not have a lien superior to that of Quicken Loans." Docket No. 1 at 8, ¶ 43. It claims that "Newland . . . failed to inform both the court in the Foreclosure Action and the Sheriff of these payments such that Quicken Loans' lien was wrongfully foreclosed." *Id.*, ¶ 44. Quicken Loans argues that it was "damaged by the wrongful foreclosure in that it has been deprived of its collateral and the proceeds of the Sheriff's Sale" and "requests judgment in its favor against Newland . . . for [Quicken Loans'] actual damages in an amount equal to at least the value of the Subject Property." *Id.*, ¶ 45.

Quicken Loans argues that this claim does not seek to appeal or undo the state court judgment, but "seeks only money damages . . . stemming from the negligent preparation and submission of both the Default Judgment and Decree of Foreclosure." Docket No. 43 at 7. The Court disagrees and finds that Quicken Loans' wrongful foreclosure claim is an improper attempt to seek federal review of a state court judgment. In *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008), the Seventh Circuit determined that the *Rooker-Feldman* doctrine applied to bar a claim under the Fair Debt Collection Practices Act ("FDCPA") that was based on the defendants' alleged misrepresentation, made to the state court in a prior lawsuit, that it was entitled

---

applies.

to attorney's fees in that lawsuit. *Id.* at 605. The plaintiffs argued that *Rooker-Feldman* did not apply because their lawsuit "[sought] only to remedy defendants' deceptive representations and requests related to attorney fees and not the fact that the state courts awarded attorney fees." *Id.* at 603. The Seventh Circuit disagreed, finding that plaintiffs' FDCPA claim "ultimately require[d] [the court] to evaluate the state court judgments." *Id.* at 605. More specifically, the Seventh Circuit "could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees." *Id.* The Seventh Circuit affirmed the district court's determination that the plaintiffs' claims were barred under Rooker-Feldman. *Id.* at 607.

Additionally, in *McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12-cv-02749-MSK, 2014 WL 334813 (D. Colo. Jan. 30, 2014), the plaintiff filed a federal lawsuit after a foreclosure on his property, raising claims of conversion and fraud on the court against his lender. *Id.* at *1. The court determined that these claims were barred by the *Rooker-Feldman* doctrine, finding that they were based on "a fundamental assumption . . . that [the defendant] lacked the authority to commence and pursue the foreclosure." *Id.* at *4. "Because relief on those claims would necessarily require" the court to find that the defendant was not "a proper party to commence and pursue the foreclosure proceeding, the claims were barred by *Rooker-Feldman*." *Id.*

Even though Quicken Loans frames its wrongful foreclosure claim as a claim challenging Newland Court's alleged misrepresentations, similar to *Kelley* and *McDonald*, the claim is dependent on a finding that the state court judgment – and the

10

subsequent foreclosure – was legally incorrect. See Docket No. 1 at 8, ¶ 44 (alleging that, because Newland Court failed to inform the state court of the October and May payments, Quicken Loans' lien was wrongfully foreclosed). In essence, Quicken Loans' claim alleges that "the state [court] proceedings should not have led to [the state-court] judgment." *Mayotte*, 880 F.3d at 1174; *see also Market v. City of Garden City, Kan.*, 723 F. App'x 571, 574 (10th Cir. 2017) (unpublished) (finding that *Rooker-Feldman* applied where, in order for plaintiff to win, "the municipal court's judgment had to be wrong").

Moreover, the relief that Quicken Loans seeks – compensatory damages in the amount "equal to at least the value of the Subject Property," Docket No. 1 at 8 – essentially seeks to undo the state court judgment and put the parties in the position they would be had the state-court judgment been in favor of Quicken Loans. This sort of claim is barred by *Rooker-Feldman*. *See Market*, 723 F. App'x at 574 (finding that plaintiff's claim alleging illegally extended incarceration following a DUI was barred by *Rooker-Feldman* where plaintiff sought "compensatory damages . . . to put [her] in the position [she] would be in without the faulty imprisonment"); *see also Ball v. Div. of Child and Family Servs.*, 2013 WL 5673411, at *2 (D. Utah Oct. 17, 2013) ("The *Rooker-Feldman* doctrine . . . precludes the award of monetary damages to compensate for loss caused by state-court judgments."). The Court finds that Quicken Loans' wrongful foreclosure claim is barred by *Rooker-Feldman*. Because the Court does not have subject matter jurisdiction over this claim, it will be dismissed as to Newland Court.

### *2. Negligent Misrepresentation*

In its negligent misrepresentation claim, Quicken Loans alleges that Newland Court "misrepresented a material fact" – the amount necessary to convert Quicken Loans' superlien into a lower-priority lien – which "induced Quicken Loans to make both the October Payment and the May Payment in order to convert Newland's 'superlien' foreclosure action to that of a junior lien foreclosure action, thereby preserving Quicken Loans' senior lien position under the law." Docket No. 1 at 8-9, ¶¶ 46-49. Quicken Loans argues that this claim is not precluded by *Rooker-Feldman* because it "seeks redress for injuries [that Newland Court] caused to [Quicken Loans] directly through its misrepresentations" and that this claim "can be stated without reference" to the state court judgment." Docket No. 43 at 8-9 (quotation marks omitted).

The Court disagrees with Quicken Loans' characterization of this claim, for which Quicken Loans seeks, among other relief, "judgment in its favor . . . in an amount equal to the outstanding balance on the Promissory Note and its attorney fees incurred in the Foreclosure Action." Docket No. 1 at 9. This award would "undo the relief granted by the state court" and put the parties in the position they would be in had the state-court judgment been in Quicken Loans' favor. *Mo's Express*, 441 F.3d at 1237. Thus, to the extent Quicken Loans seeks judgment in its favor equal to the state court judgment, or for attorney's fees incurred in the state-court action, it is barred by *Rooker-Feldman* and will be dismissed for lack of subject-matter jurisdiction. *Ball*, 2013 WL 5673411, at *2. Only insofar as the claim is based on and seeks relief for conduct predating the state court judgment, *see* Docket No. 1 at 8-9, ¶¶ 46-49 (alleging that

Quicken Loans paid the October and May payments based on Newland Court's misrepresentations), the claim is not barred by *Rooker-Feldman*. *See Mayotte*, 880 F.3d at 1174 (finding that *Rooker-Feldman* did not apply where "the complained-of actions occurred before the filing of the petition for forfeiture").

### 3. Intentional Interference with a Contract

Quicken Loans' third claim against Newland Court raises allegations of intentional interference with a contract. Docket No. 1 at 9. Quicken Loans alleges that Newland Court, "through misrepresentations . . . made to the court in the Foreclosure Action and to the Boulder County Sheriff, . . . intentionally and improperly induced Commodore to breach the Promissory Note" by inducing her to "retain the excess proceeds of the Sheriff's Sale without paying them over to Quicken Loans as the rightful recipient." *Id.* at 10, ¶ 52. It seeks damages "equal to the full outstanding balance of the Promissory Note." *Id.* at 10.

The Court finds that this claim is barred by *Rooker-Feldman*. While Quicken Loans argues that this claim "seeks redress for injuries caused directly by [Newland Court's] conduct," Docket No. 43 at 8, the claim is based on Newland Court's alleged "misrepresentations . . . *made to the court in the Foreclosure Action* and to the Boulder County Sheriff." Docket No. 1 at 10, ¶ 52 (emphasis added). Similar to its wrongful foreclosure claim, Quicken Loans alleges that, without Newland Court's misrepresentations to the state court, the court would not have entered its judgment ordering the sheriff's sale and Ms. Commodore would not have (1) retained proceeds from the sheriff's sale or (2) been unable to fulfill her obligations under the promissory

13

note. *Id.*, ¶ 53. Thus, absent the state court judgment, Quicken Loans would not have a claim, which indicates that the complained-of injury was caused by the state court judgment. This claim is barred by *Rooker-Feldman*. *Compare Mo's Express*, 441 F.3d at 1237; *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010) (finding that *Rooker-Feldman* did not apply where plaintiffs' claims "would be identical even if there were no state-court orders adverse to the" plaintiffs).

### 4. *Civil Theft and Conversion*

In its civil theft claim, Quicken Loans argues that it "did not authorize Newland . . . to retain the October Payment, the May Payment, or the proceeds of the Sheriff's Sale in the manner in which they have" and alleges that Newland Court wrongfully proceeded with the foreclosure sale "even though Newland's 'superlien' interest had been extinguished by both the October Payment and the May Payment." Docket No. 1 at 11, ¶ 58. Quicken Loans also brings a conversion claim against Newland Court, alleging that "Newland . . . [has] wrongfully obtained and refused to return money related to the Foreclosure Action that rightfully belongs to Quicken Loans." *Id.* at 12, ¶ 64. In each claim, Quicken Loans requests a judgment for actual damages "at least equal to the October Payment, the May Payment, and the proceeds Newland received from the Sheriff's Sale." *Id.* at 11-12, 13.

Pursuant to *Rooker-Feldman*, the Court lacks subject matter jurisdiction to hear these claims to the extent that they are based on the sheriff's sale or the alleged wrongful retention by Newland Court of the sheriff's sale proceeds. Quicken Loans' claims are directly premised on the theory that the state court judgment was legally

14

wrong and that Newland Court did not have a priority lien. *See id.* at 11, ¶ 59 (alleging that, "[a]t the time of the foreclosure[,] Newland no longer had a 'superlien'"); at 12, ¶ 66 (alleging that "Newland . . . wrongfully received $42,328.99 from the Sheriff's Sale without authorization from Quicken Loans."). Absent the state court judgment, the injury that Quicken Loans complains of – the deprivation of funds that it argues (1) Quicken Loans is legally entitled to and (2) Newland Court has wrongfully withheld – would not exist. *Rooker-Feldman* bars claims "caused, actually and proximately" by the state court judgment. *Mo's Express*, 441 F.3d at 1237; *cf. Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (finding that *Rooker-Feldman* applied "even if [the plaintiff] appears to complain only of a third party's actions" so long as "the third party's actions are produced by a state-court judgment"). However, for the reasons set out above in the Court's discussion of the negligent misrepresentation claim, the Court finds that it has jurisdiction over Quicken Loans' civil theft and conversion claims to the extent that the allegations are based on the alleged wrongful retention of the October or May payments, as these alleged injuries are independent of the state court judgment. *See GASH Assocs. v. Village of Rosemont, Ill.*, 995 F.2d 726, 729 (7th Cir. 1993) (distinguishing between injuries that "came from the judgment confirming the sale" of the plaintiffs' property as opposed to "out of court" injuries for which plaintiffs "fail[ed] to get relief from state court."). As a result, the claim is dismissed for lack of subject-matter jurisdiction to the extent as it is based on anything other than the retention of the October and May payments.

    5. ***Unjust Enrichment***

15

Quicken Loans' final claim against Newland Court is an unjust enrichment claim. Quicken Loans alleges that Newland Court "received a benefit in the form of the October Payment, the May Payment, and the proceeds of the Sheriff's Sale" and argues that it would be unjust for Newland Court to retain these proceds. Docket No. 1 at 13-14, ¶¶ 71-73.

While Quicken Loans argues that "[t]his remedy does not require the reversal or setting aside of the judgment in the State Court Action" and that *Rooker-Feldman* therefore does not apply, Docket No. 43 at 9, the Court disagrees. Quicken Loans' unjust enrichment claim is yet another attempted attack on the validity of the state court judgment. In order to find that Newland Court was "unjustly" enriched by the sheriff's sale, the Court would have to find that the state court judgment was legally incorrect when it permitted Newland Court to obtain proceeds from the sale. *See Bishop v. JP Morgan Chase Bank, Nat'l Assoc.*, No. 17-cv-01188-RM-KLM, 2018 WL 4368614, at *3 (D. Colo. Mar. 6, 2018) (finding that Rooker-Feldman applied to bar unjust enrichment claim because, to succeed on the claim, the plaintiff would have had to establish that the foreclosure judgment was wrongful). Under *Rooker-Feldman*, the Court does not have jurisdiction over Quicken Loans' unjust enrichment claim to the extent that it seeks to collect the sheriff's sale proceeds. *Kelley*, 548 F.3d at 605; *Ball*, 2013 WL 5673411, at *2. However, to the extent that it is based on Newland Court's retention of the October and May payments, *see* Docket No. 1 at 14, ¶ 74 (alleging that it is unjust for Newland Court "to retain the October Payment [and] the May Payment"), the Court has subject-matter jurisdiction because, as set out above, this alleged injury was not

caused by the state court judgment.

In sum, the Court finds that *Rooker-Feldman* bars many of Quicken Loans' claims. It dismisses, without prejudice,[8] the following claims for lack of subject-matter jurisdiction: (1) the wrongful foreclosure claim in its entirety; (2) the intentional interference with a contract claim in its entirety; and (3) the civil theft, conversion, and unjust enrichment claims to the extent that they are premised on the sheriff's sale or the sheriff's sale proceeds. The Court will address Newland Court's alternative arguments in favor of dismissal with respect to the remaining claims.

### B.  Issue Preclusion

Newland Court argues that Quicken Loans' claims should be dismissed based on issue preclusion principles. Docket No. 36 at 8. While Newland Court invokes both claim and issue preclusion in its motion to dismiss, it only develops an argument as to issue preclusion. *See id.* at 9. Thus, the Court limits its analysis to whether Quicken Loans' remaining claims are barred under the doctrine of issue preclusion.[9]

Dismissal on the basis of issue preclusion is analyzed under a Rule 12(b)(6) standard. *Kadingo v. Johnson*, 304 F. Supp. 3d 1003, 1014 (D. Colo. 2017) (applying

---

[8] Dismissal under *Rooker-Feldman* is without prejudice. *Lambeth v. Miller*, 363 F. App'x 565, 569 (10th Cir. 2010) (unpublished).

[9] In its reply, Newland Court sets out the elements of claim preclusion and argues that all of the elements are met. Docket No. 44 at 8-10. This is insufficient. "[A] party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Although Newland Court mentions claim preclusion in its motion to dismiss, it makes no argument that this doctrine applies to this matter, raising only arguments concerning issue preclusion. *See* Docket No. 36 at 8-10.

Colorado law). "Issue preclusion bars relitigation of a legal or factual matter already decided in a prior proceeding." *In re Tonko*, 154 P.3d 397, 405 (Colo. 2007) (footnote omitted). It is a "a judicially created, equitable doctrine intended to 'relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions.'" *Id.* (quoting *Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001). A party asserting the defense of issue preclusion must establish four elements:

> (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* The party raising the affirmative defense of issue preclusion bears the burden of establishing its applicability. *Goldsworthy v. Am. Family Mut. Ins. Co.*, 209 P.3d 1108, 1114 (Colo. App. 2008).

Quicken Loans argues that its claims are not barred by issue preclusion because the state court judgment was a default judgment. Docket No. 43 at 10-11. To satisfy the first element of issue preclusion, "[a] party must have actually litigated the issue in the prior proceeding and the adjudicatory body must have necessarily decided the issue." *In re Tonko*, 154 P.3d at 405. The Tenth Circuit has determined that, where the first case was resolved by an entry of default judgment, the issues in that case were not "actually litigated" and issue preclusion does not apply. *Jenkins-Dyer v. Exxon Mobil Corp.*, 651 F. App'x 810, 818 (10th Cir. 2016) (unpublished). While the

18

Colorado Supreme Court has not ruled whether a default judgment can have an issue-preclusive effect, it has held that, for an issue to be "actually litigated," it "must have been properly raised by appropriate pleading through a claim or cause of action, and been 'submitted for determination and then actually determined by the adjudicatory body.'" *Nat. Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist.*, 142 P.3d 1265, 1280 (Colo. 2006) (quoting *Bebo Constr. Co. v. Mattox & O''Brien*, P.C., 990 P.2d 78, 85 (Colo. 1999)).

Newland Court does not respond to Quicken Loans' argument that a default judgment cannot have a preclusive effect, *see* Docket No. 44 at 8-9, and does not meaningfully argue that the issues remaining in this case were actually litigated. *See* Docket No. 36 at 9-10 (stating only that "[a]ll claims asserted in Plaintiff's Complaint were fully and completely resolved in the State Court Action as described in Plaintiff's Complaint"). The Court finds that Newland Court has not met its burden of demonstrating that the issues remaining in this case were "actually litigated" in the state court case. Colorado relies on the Restatement (Second) of Judgments "when formulating collateral estoppel principles." *In Re Riggle*, 389 B.R. 167, 176 (D. Colo. 2007). "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 (1982); *see also Lipin v. Wisehart*, No. 16-cv-00661-RBJ-STV, 2017 WL 818657, at *2 (D. Colo. Mar. 2, 2017) (stating that a state court default judgment "likely will not have preclusive effect on the issues before this Court"). Because any overlapping issues were not "actually litigated" in the state court default judgment, issue preclusion does not bar the

19

Court's consideration of Quicken Loans' remaining claims. The remainder of Newland Court's motion will be denied.[10]

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Rule 12(b)(1) and (6) Motion to Dismiss Claims Against Newland Court Condominium Association [Docket No. 36] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that Quicken Loans' first and third claims are dismissed without prejudice as to defendant Newland Court Condominium Association for lack of subject-matter jurisdiction. It is further

**ORDERED** that Quicken Loans' second, fourth, fifth, and sixth claims are dismissed without prejudice as to defendant Newland Court Condominium Association for lack of subject-matter jurisdiction to the extent that they are based on the sheriff's sale.

DATED April 6, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[10] Due to the Court's dismissal of Quicken Loans' wrongful foreclosure claim, Newland Court's argument that this cause of action should be dismissed for failure to state a claim, *see* Docket No. 36 at 10, is moot.